UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PINNACLE MINERALS CORPORATION,<br><br>Plaintiff,<br>v.<br><br>JERRY CARR WHITEHEAD; and JERRY C. WHITEHEAD, PLLC d/b/a WHITEHEAD & WHITEHEAD,<br><br>Defendants. | Case No. 3:18-cv-00319-MMD-CBC<br><br>ORDER |

## I.  SUMMARY

Plaintiff Pinnacle Minerals Corporation asserts claims against the arbitrator and his professional organization for alleged conduct arising from arbitral proceedings. Defendants Jerry Carr Whitehead ("Whitehead") and Jerry C. Whitehead, PLLC d/b/a Whitehead & Whitehead (collectively, "Defendants") move to dismiss or alternatively for summary judgment. (ECF Nos. 1, 11, 12.)[1] Defendants argue Plaintiff's claims are barred under Nevada's arbitral immunity statute, NRS § 38.229, and Nevada's anti-SLAAP statute, NRS § 41.660. (*Id.*; ECF No. 22.) Based on the facts of this case and considering the evidence before it, the Court finds that Defendants are immune from liability in this action. Accordingly, the Court will dismiss this action with prejudice.

///

///

///

---

[1]The Court has reviewed all filings relevant to the instant motions, including the applicable response (ECF No. 18) and reply (ECF No. 22).

## II. RELEVANT BACKGROUND

This matter arises out of arbitral proceedings between Plaintiff and Golden Phoenix Minerals, Inc. ("Golden Phoenix") (collectively, "Arbitrating Parties") pursuant to the arbitration provision in the Arbitrating Parties' Membership Interest Purchase Agreement ("Agreement"). (ECF Nos. 1, 12-1.) Under the Agreement, Plaintiff and Golden Phoenix were required to settle disputes between them in binding arbitration under the commercial rules of the American Arbitration Association ("AAA") ("Commercial Rules"). (ECF No. 12-1 at 7.)[2] The Commercial Rules bolster an arbitrator's jurisdiction over arbitration proceedings, providing that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction." (ECF No. 12-2 at 14 (R-7. Jurisdiction.).)

Via the Commercial Rules, the Agreement vested the arbitrator with authority to make decisions beyond a final award, "including interim, interlocutory, or partial rulings, orders, and awards," and to apportion "fees, expenses, and compensation related to such award as . . . appropriate." (ECF No. 12-2 at 29 (R-47. Scope of Award. (b)).)

A dispute arose between Golden Phoenix and Plaintiff pertaining to two promissory notes Golden Phoenix executed and delivered to Plaintiff but allegedly failed to make payments on. (ECF No. 1 at 2; ECF No. 12-3.) Plaintiff sued Golden Phoenix for breach of the promissory notes and they ultimately entered into arbitration pursuant to the Agreement. (ECF Nos. 12-3, 12-4.) The Arbitrating Parties agreed that Whitehead would preside over the arbitral proceedings. (ECF No. 12-5 at 2; ECF No. 1 at 9–10.)

Before their arbitration hearing, the Arbitration Parties worked together, through numerous emails, to draft a stipulated prejudgment writ of garnishment order ("Stipulated Prejudgment Order"). (ECF No. 12-5 at 2-3; ECF Nos. 12-6, 12-7.) Plaintiff transmitted the final Stipulated Prejudgment Order to Whitehead for signature. (ECF No. 12-6 at 4.) It is

///

///

---

[2] The AAA Commercial Rules, of which this Court takes judicial notice, provides that "[t]he parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the AAA under the Commercial Arbitration Rules." (ECF No. 12-2 at 11 (R-1. Agreement of Parties).)

uncontested that at no point before the arbitration hearing did Plaintiff raise any objections to or seek any relief from the order. (ECF No. 12-5 at 2.)

After the arbitration hearing, Whitehead issued a decision finding for Golden Phoenix. (ECF No. 12-5 at 3; ECF No.12-9 at 3.) Thereafter, Golden Phoenix sought to enforce the Stipulated Prejudgment Order. (ECF No. 12-10; *see also* ECF No. 12-11.) Golden Phoenix specifically requested that Arbitrator Whitehead issue another order to have funds Plaintiff had posted as a bond pursuant to the Stipulated Prejudgment Order released. (ECF No. 12-11.)

In June 2015 Whitehead issued the requested order ("Release Order"). (ECF No. 12-12 (noting also that the Stipulated Prejudgment Order was "not issued pursuant to any specific statute but it was an order to which both parties did not object").) After Golden Phoenix sought confirmation of the arbitration award in state court (ECF No. 12-14), Plaintiff ultimately removed the case to this Court and sought to vacate the award and prevent the release of the bond funds pursuant to the Release Order (ECF Nos. 12-15, 12-16). Plaintiff also initiated adversarial proceedings against Whitehead, but voluntarily dismissed its action. (ECF No. 12-20.) Plaintiff subsequently initiated this action based on Whitehead's orders during the arbitral proceedings.

**III. DISCUSSION**

Defendants moved for dismissal or in the alternative for summary judgment. Under the Federal Rules of Civil Procedure, if in considering a motion to dismiss under Rule 12(b)(6) "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Where a matter is considered under Rule 56, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion". *Id.*

Here, the parties have argued and offered matters outside the pleadings relevant to the Court's decision (*see* ECF Nos. 11, 12, 18, 22), and the Court concludes it is most judicious to consider the matter under the summary judgment standard. Plaintiff was also clearly put on notice by Defendants' alternative request that the Court would most likely

consider the matter as a motion for summary judgment. *See, e.g., Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1532–33 (9th Cir.1985) ("In this circuit, notice is adequate if the party against whom judgment is entered is 'fairly apprised' that the court will look beyond the pleadings, thereby transforming the motion to dismiss into a motion for summary judgment."). While Plaintiff contends it has a need for further discovery and/or deposition to support its claims (ECF No. 18 at 21, 51), further discovery cannot overcome the doctrine of arbitral immunity which, as discussed *infra*, bars Plaintiff's action against Defendants.

### A. Legal Standard

In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). "The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991),

4

1 and "must do more than simply show that there is some metaphysical doubt as to the
2 material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting
3 *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere
4 existence of a scintilla of evidence in support of the plaintiff's position will be insufficient."
5 *Anderson*, 477 U.S. at 252.

### B. Analysis

Plaintiff brings three claims for relief against Defendants essentially based on Whitehead's decision in favor of Golden Phoenix and his issuance of the Release Order based on the Stipulated Prejudgment Order. (ECF No. 18; ECF No. 1 at 9–11.) In gist, Plaintiff argues that Whitehead's actions (or orders) went beyond his authority and jurisdiction (*Id.*) However, considering the undisputed facts, the Court agrees with Defendants that they are entitled to arbitral immunity and declines to consider the other grounds upon which Defendants sought dismissal

NRS § 38.229 provides:

1. An arbitrator or an arbitral organization acting in that capacity is immune from civil liability to the same extent as a judge of a court of this State acting in a judicial capacity.

2. The immunity afforded this section supplements any immunity under other law.

Ninth Circuit case law also dictates that "arbitrators are immune from civil liability for acts within their jurisdiction arising out of their arbitral functions in contractually agreed upon arbitration hearings." *Wasyl, Inc. v. First Boston Corp.*, 813 F.2d 1579, 1582 (9th Cir. 1987). Arbitrators are immunized for acting in their capacity as arbitrators because they have the "same need" as judges do "for independent judgment free from the threat of lawsuits." *Id.* Immunity is essential to protect the arbitral "decision-maker from undue influence and protect the decision-making process from reprisals by dissatisfied litigants." *Id.* The arbitral immunity also extends to arbitration associations. *Cort v. Am. Arbitration Ass'n*, 795 F. Supp. 970, 971 (N.D. Cal. 1992) (citation omitted).

///

The parties agree that there are nonetheless two circumstances where a judge or arbitrator is not immunized for his or her conduct: (1) where the judge or arbitrator is engaged in nonjudicial actions; and (2) where the judge's or arbitrator's action though judicial in nature is "taken in the complete absence of all jurisdiction" (*see* ECF No. 11 at 13-13; ECF No 18 at 12). *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Complete absence of all jurisdiction does not mean that an arbitrator merely acts in excess of his authority. *See Mireles*, 502 U.S. at 12–13 ("If judicial immunity means anything it means that a judge [or arbitrator] "will not deprived of immunity because the action he took was in error . . . or was in excess of his authority.").

Plaintiff challenges Defendants' immunity solely on the second circumstance—that Whitehead acted in complete absence of all jurisdiction. (ECF No. 18 at 12.) The Court disagrees. Whitehead did not act lacking *all* jurisdiction because Plaintiff and Golden Phoenix vested him with jurisdiction over their binding arbitration proceedings per the Agreement. (ECF No. 12-1 at 7.) Moreover, Whitehead did not draft or even unilaterally issued the Stipulated Prejudgment Order at the heart of Plaintiff's lawsuit—he signed it after the Arbitrating Parties agreed to its provisions and Plaintiff submitted it to him (*see* ECF No. 12-6 at 4; ECF Nos. 12-7, 12-10; ECF No. 12-5 at 2). This is a rather noteworthy point. Plaintiff is suing Whitehead for issuing an order that it was involved in drafting and at its request.

In its expressed and uncontroverted terms, the Stipulated Prejudgment Order directed both Plaintiff and Golden Phoenix to each deposit $190,000 cash bonds. (ECF No. 12-6 at 3.) The prejudgment order also precisely provided that

> 6. That Plaintiff Pinnacle Minerals, Inc. shall post a $190,000.00 surety bond or shall deposit a $190,00 cash bond into the trust of [its counsel] to secure costs, fees, and damages Golden Phoenix Minerals, Inc. may sustain by reason of wrongful attachment *or* in the event Pinnacle Minerals, Inc. does not prevail on its claims;
>
> 7. To the extent that Plaintiff Pinnacle Minerals, Inc. posts a cash bond in lieu of a surety bond, said cash bond shall not be released until further *order of this Tribunal*

///

*Id.* (emphasis added). Moreover, the Commercial Rules governing the arbitral proceeding authorized Whitehead to "grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties." (ECF No. 12-2 at R-47. Scope of Award.) Based on the Stipulated Prejudgment Order's plain language and the Commercial Rules, Plaintiff and Golden Phoenix gave Whitehead jurisdiction to further order the release of Plaintiff's $190,000 cash bond if Golden Phoenix was the prevailing party, as Whitehead found it to be, and as he deemed just and equitable.

Nonetheless, Plaintiff attempts to create a genuine dispute by essentially arguing that the parties did not empower Whitehead to order the release of the $190,000 per the Release Order, which Plaintiff appears to deem "collection efforts." (ECF No. 18 at 13 (arguing "[w]hat Judge Whitehead was not empowered to do however, was act outside of his jurisdiction as an arbitrator in assisting Golden Phoenix in post-arbitration award collection efforts").) Plaintiff contends that only a district court can enter judgment on an arbitration award, after confirming the award, before collection efforts can begin and thus Whitehead "act[ed] outside of his jurisdiction" in ordering the release of funds before confirmation of the award.  (*See* ECF No. 18 at 13.)  As support, Plaintiff cites to NRS §§ 38.239, 38.243(1), and 38.244(2). (*Id.*) Section 38.239 is written in the permissive, providing that "[a]fter party to an arbitral proceeding receives notice of an award, the party *may* make a motion to the court for an order confirming the award at which time the court shall issue a confirming order . . .." (Emphasis added.) Section 38.243 concerns only the entry of judgment after confirmation of an arbitration award. The most supporting of Plaintiff's position is § 38.244(2) which provides that "[a]n agreement to arbitrate providing for arbitration in this state confers exclusive jurisdiction on the court to enter judgment on an award under NRS [§] 38.206 to 38.248, inclusive."

However, even accepting Plaintiff's argument that Whitehead "act[ed] outside of his jurisdiction," at most Plaintiff's argument is one seeped in a technicality between "in excess of jurisdiction" and "in complete absence of all jurisdiction," verging closer to the former. For one, Plaintiff provides no authority from which this Court may conclude that

Whitehead's Release Order constitutes a judgment as noted in § 38.244(2). (*See* ECF No. 12-12.) Further, the Release Order indicated that the Stipulated Prejudgment Order pursuant to which the Release Order was issued was not made based on any Nevada statute. (ECF No. 12-12 at 3.) Moreover, Plaintiff did not object to the express language in the Stipulated Prejudgment Order or the authority conferred upon Whitehead under the Commercial Rules. Plaintiff's argument is therefore incapable of undermining the great protection of arbitral immunity, and no reasonable trier-of-fact would find otherwise. *See, e.g.*, *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.'") The Court is assured in its conclusion as Plaintiff fails to provide this Court with any authority—state or federal—holding that an arbitrator who orders the release of funds prior to confirmation of an arbitration award is acting in complete absence of jurisdiction.

Accordingly, the Court grants summary judgment in favor of Defendants because they are immune from liability.

**IV. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendants' motion to dismiss and alternatively for summary judgment (ECF Nos. 11, 12) are granted based on arbitral immunity.

///

///

///

///

It is further ordered that the Clerk enter judgment accordingly and close this case.

DATED THIS 4th day of January 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE